George Guy **THOMPSON**, Plaintiff-Appellant,

v.

Ann **BRENNAN**, Defendant-Appellee.

No. 16279.

United States Court of Appeals
Sixth Circuit.

Sept. 29, 1965.

Walter C. Beall, Cincinnati, Ohio, for appellant, Hoover, Beall & Eichel, by Donald J. Zimmerman, Cincinnati, Ohio, on the brief.

F. Thomas Green, Dayton, Ohio, for appellee, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, on the brief.

Before WEICK, Chief Judge, CELE-BREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the District Court granting the defendant's motion for summary judgment. The plaintiff filed a personal injury action on June 2, 1959 for injuries sustained in an automobile accident in Ohio. At the time of the accident the plaintiff was a citizen of the United States and a resident of Havana, Cuba. After the accident, the plaintiff returned to Havana, Cuba where he received medical treatment for his injured eye. Due to the political situation in Cuba, both parties were unable to complete their discovery procedure by obtaining the necessary testimony from Cuban witnesses.

The District Judge on March 7, 1961 ordered all discovery procedure be completed by September 1, 1961, and that the case be set down for trial at the September term. On June 29, 1961, the District Judge overruled the plaintiff's motion to have the order set aside and the case placed on the inactive list. The Court entered the following order:

"ORDER
"(Filed June 29, 1961)

"The above styled action having been called for trial and the Court having been duly informed by the attorneys of record for the parties hereto that it is impossible to proceed in any manner with the securing of evidence by either plaintiff or defendant in this action because the political situation in Cuba prevents further proceedings in this action for an indefinite and unknown period of time, the plaintiff having filed a motion to place this cause on an indefinitely continued docket which it refuses to do:

"It is, therefore, ORDERED, ADJUDGED and DECREED that this

action be, and the same is hereby dismissed.

"It is further ORDERED, ADJUDGED AND DECREED expressly that if the above mentioned legal impass (sic) is removed within two (2) years from and after this date, this judgment of dismissal is and shall remain without prejudice to the right of the plaintiff to reinstate such action against the defendant and, if reinstated, during said two (2) year period, said complaint shall relate back to the date of the filing of the original complaint herein. The dismissal order is therefore final two (2) years from and after this date.

"Approval of this entry by counsel representing the defendant is also an agreement that no defense of statute of limitations may be raised if there is a possibility of such defense being interposed because of this action by the Court.

"It is further ORDERED, ADJUDGED and DECREED that no costs of Court are taxed as a part of this judgment of dismissal.

"Dated this ——— day of June, 1961."

The Cuban situation grew worse, and the parties were still unable to obtain the necessary testimony. However, in late 1963, the plaintiff learned that Doctor Cepero, the treating physician, had escaped to the United States and was residing in Florida. The plaintiff then moved under Rule 60(b) (6), Federal Rules of Civil Procedure, for relief from the order of June 29, 1961. The District Court overruled this motion. The plaintiff refiled his complaint on June 15, 1964. Defendant then filed a motion for summary judgment, which was granted.

The single question presented by this appeal is whether the order of the District Court treated the dismissal of the original complaint of the plaintiff on the date of its filing, which was June 29, 1961, or whether it was effective for the purpose of Section 2305.19, Ohio Revised Code, as of the date on which by its terms it became final, which was June 29, 1963.

The District Court's order of June 29, 1961 expressly states that "the dismissal order is therefore final two (2) years from and after this date". Section 2305.-19, Ohio Revised Code, provides in part that if the plaintiff fails otherwise than upon the merits, he may commence a new action within one year after such date. Since the District Court's order did not become final until June 29, 1963, the plaintiff had until June 29, 1964 to refile his action. The plaintiff refiled his complaint on June 15, 1964, within the one year period. The judgment of the District Court will be reversed and the case will be remanded for further proceeding.